IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLSTATE INSURANCE CO.,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| v. | : | NO. 08-4549 |
| | : | |
| **TIMOTHY HOPFER, et al.,** | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                            May 14, 2009

Defendants David Hopfer, Linda Lee Hopfer, and Kevin Hopfer's motions to set aside a default judgment justify their failure to respond on their reliance of their attorney's misstatements that he would "take care of the matter." They also note their motions were filed approximately two weeks after default was entered. For the following reasons, I will grant the motions.

**I. Background**

Allstate Insurance Company filed the pending complaint seeking declaratory judgment regarding its duty to defend and indemnify David, Linda Lee, Kevin, and Timothy Hopfer in an underlying state court personal injury action. Allstate's potential liability flows from a homeowners policy it issued to David and Linda Lee Hopfer, who are husband and wife. Although the other defendants answered, David, Linda Lee, and Kevin Hopfer (collectively, the defaulted defendants) failed to respond. Upon Allstate's request, default was entered against them on March 18, 2009. The defaulted defendants

now move to stay or vacate the entry of default against them.[1]  (See Defs.' Mot. to Stay or Vacate (Documents #18–20).)[2]

The underlying state court action is based on events that took place at the Hopfer home in December 2005.  On December 7, 2005, Abigail Tagert was a guest in the Hopfer residence.[3]  (See Compl. ¶ 16.)  Timothy Hopfer allegedly injected Ms. Tagert three times with Dilaudid, a Schedule II Controlled Substance he illicitly took from Chester County Hospital.[4]  (Id.)  Tagert began to show signs of "labored breathing, discoloration, vomiting, and loss of consciousness."  (Id.)  Despite these signs, the Hopfers waited two hours before contacting emergency medical services.  (Id.)  Unfortunately, Tagert could not be revived, and she was pronounced dead as a result of drug toxicity.  (Id.)

---

[1] The motions are incorrectly labeled as being pursuant to Federal Rule of Civil Procedure 60.  Rule 60 would be appropriate if a final default judgment was entered, but that is not the case here.  The appropriate rule for vacating an entry of default is Rule 55(c), and I will consider the motions as being submitted under that rule.

[2] Though filed separately, the content of every motion to stay or vacate is nearly identical.  To ease any potential confusion, I will refer to them collectively as "Motion to Stay or Vacate."

[3] The Hopfers have two adult sons, Timothy and Kevin Hopfer.  At the time, Timothy Hopfer lived with his parents.  Kevin Hopfer lives in Morgantown, Pennsylvania, but is alleged to have been in the family residence on the night in question.

[4] Timothy Hopfer was charged with violating 18 PA. CON. STAT. ANN. § 2506 (West 2008) (drug delivery resulting in death), 18 PA. CON. STAT. ANN. § 3921(a) (theft by unlawful taking), and 35 PA. STAT. ANN. § 780-113(a)(30) (illegal manufacture, delivery or possession of a controlled substance).  (Compl. ¶ 19.)  Upon a guilty plea, he was sentenced to a term of no less than ten years, and is incarcerated at SCI-Frackville.  (Id. ¶ 20.)

On December 4, 2007, Tagert's parents, Darlene Pfeiffer and Thomas Tagert,[5] individually and as co-administrators of their daughter's estate, filed a civil complaint sounding in negligence and wrongful death in the Court of Common Pleas of Chester County against David, Linda Lee, Kevin, and Timothy Hopfer.  (See Compl. Ex. C (state court complaint).)  Pursuant to the homeowners policy on the residence, Allstate provided an attorney—Gerard Bradley, Esquire—to defend the Hopfers and itself.  (See Pl.'s Resp. to Defs.' Mot. to Stay or Vacate ¶ 1 (Documents #27–29) (admitting that Allstate "provided Defendant[s] with counsel" in connection with the state court proceedings against them); see also Compl. Ex. I (letter from Allstate to the Hopfers stating that an attorney had been assigned).)  This representation was conditional, as explained in a Reservation of Rights letter sent to each Hopfer family member.  (See Compl. Exs. E, F, J, K, L.)  Those letters stated that Allstate was "reserv[ing] [its] rights to timely investigate . . . without an admission of coverage" because it believed it might not be required to defend or indemnify the Hopfers under the terms of the plan.  (See, e.g., Compl. Ex. E.)  The decision to provide an attorney was not to be construed as a waiver of the policy's conditions.  (See, e.g., id.)

On September 18, 2008, Allstate filed the pending complaint for a declaratory judgment that it had no duty or liability to defend or indemnify the Hopfers in the state court proceedings.  Upon receiving the complaint, the defaulted defendants contacted Mr.

---

[5] Ms. Pfeiffer and Mr. Tagert were also named as co-defendants in this matter and filed a timely response.

Bradley to find out what they needed to do. (Defs.' Mot. to Stay or Vacate ¶ 5.) Bradley allegedly told them "not to worry" and that "he would take care of it" as their attorney. (Id.) He filed no response, however, on their behalf. On March 19, 2009, default was entered upon Allstate's request. On April 1, 2009, the defaulted defendants filed the instant motions.[6]

**II. Legal standard**

Federal Rule of Civil Procedure 55(c) is applied when a defaulted party seeks judicial review of an entry of default. Under the rule, default may be set aside in the court's discretion for "good cause." FED. R. CIV. P. 55(c). When considering whether to exercise discretion, district courts are directed to consider four factors: "(1) whether lifting the default will prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." EMCASCO Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987). Given the Third Circuit Court of Appeals' stated preference of resolving cases on the merits when possible, the entry of default should be set aside if there is any doubt as to its appropriateness. Farnese v. Begnasco, 687 F.2d 761, 764 (3d Cir. 1982).

---

[6] On April 29, 2009, Allstate filed a motion for judgment on the pleadings (Document #30). Because the present motions to stay or vacate were still pending, the defaulted defendants have not responded to that motion.

## III. Discussion

I will set aside the default as my review of the defendants' motions leads me to believe default is inappropriate under these circumstances.

### 1. Prejudice

Prejudice exists if, after default was entered, the plaintiff's ability to pursue its claim was seriously affected or if relevant evidence was lost or unavailable. EMCASCO, 834 F.2d at 74. Mere delay in satisfying a claim "rarely serves to establish the degree of prejudice sufficient to prevent the opening [of] a default judgment entered at an early stage of the proceeding." Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657–588 (3d Cir. 1982). In other words, the prejudice factor requires significant potential injury to the plaintiff's ability to litigate his or her claim.

I find that Allstate has suffered no prejudice. Allstate has not demonstrated it will not be able to pursue its claim or that necessary evidence has been lost. Default was entered in the early stages of litigation before any formal proceedings had taken place. Additionally, the motion to vacate was filed about two weeks after default was entered. See, e.g., EMCASCO, 834 F.2d at 74 (finding no prejudice to the plaintiff where the motion to vacate was filed two weeks after the default judgment was entered); Quarles v. Lineberger, 2002 WL 461684, at 1 n.7 (E.D. Pa. Mar. 21, 2002) (Ludwig, J.) (finding no prejudicial delay when the defendant's motion was filed one month after default was

entered).

### 2. Culpable conduct

This factor weighs in favor of vacating the default.  Culpable conduct is defined as "actions taken wilfully or in bad faith."  Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 124 (3d Cir. 1983).  The conduct must be more than mere negligence.  Hritz v. Woma, 732 F.2d 1178, 1183 (3d Cir. 1984) ("Appropriate application of the culpable conduct standard requires . . . more than mere negligence be demonstrated.").

The facts do not suggest the defaulted defendants were culpable in the entry of default against them.  It appears that Bradley's representation was limited to the state court proceedings, and the defaulted defendants were unrepresented for the duration of the proceedings here.  There was confusion as to whether they were being represented by Mr. Bradley.[7]

The problem is that when the defaulted defendants contacted Bradley, he told them "not to worry" because "he would take care of [the complaint]."  (Defs.' Mot. to Stay or Vacate ¶ 6.)  Not being trained in the law themselves, the defendants relied on Bradley's statements and believed he would be representing them in both actions.  This explains their failure to respond in a timely manner, and it weighs against a finding they wilfully disregarded the rules.  I am also persuaded by the fact that the defendants acted promptly

---

[7] Allstate's letters clearly indicate that the defense was limited to the state court action. (See, e.g., Compl. Ex. I ("[Allstate has] received suit papers for an action instituted by the [Estate of Abigail Tagert] against you in the Chester County, Court of Common Pleas.  An attorney will be assigned to defend your interest in this matter.").)

once they learned Bradley had not responded to the complaint. These facts support finding they did not act wilfully or in bad faith, and it would be inequitable under these circumstances to force the defaulted defendants to bear the consequences of their attorney's incorrect statements.[8]

### 3. Meritorious defense

It is not known if the defendants have a meritorious defense. Without a meritorious defense, there would be no reason to set aside the default because the defendant would arguably have no possibility of winning. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). The defendant's burden for this factor is satisfied when "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." Id. (citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951)). The defaulting party is not required "to prove beyond a shadow of a doubt that [it] will win at trial"; it need only demonstrate "that [it has] a defense to the action which at least has merit on its face." Jackson v. Delaware County, 211 F.R.D. 282, 284 (E.D. Pa. 2002) (citations omitted). The defaulting party must present specific facts showing the facial validity of its defense. See $55,518.05 in U.S. Currency, 728 F.2d at 195.

---

[8] The facts here indicate that for whatever reason, Mr. Bradley assured the defaulted defendants that he would take care of the complaint filed by Allstate. Those trained in the law would have had reason to question Bradley's statements and whether he could represent the defaulted defendants in both actions. There is no indication that the defaulted defendants are attorneys or otherwise familiar with the legal system, especially as it relates to the attorney-client relationships between an attorney, the insurer, and the insured.

The defendants have presented no meritorious defense.  No answer was ever filed in this case.  The Motion to Stay and/or Vacate sets forth only the facts germane to removing the entry of default and do not suggest any cognizable defense.

In spite of the lack of a meritorious defense at this point, I will not deny the motions on this point alone.  Courts in this district have held that the failure to present a meritorious defense is not necessarily fatal.  See Choice Hotels Int'l, Inc. v. Pennave Assoc., Inc., 192 F.R.D. 171, 175–76 (E.D. Pa. 2000) (setting aside an entry of default despite the defendant's failure to set forth a meritorious defense); Charowsky v. Kurtz, 1999 WL 1038334, at *4 (E.D. Pa. Nov. 8, 1999) (Yohn, J.) (same); see also Mike Rosen & Assocs., P.C. v. Omega Builders, Ltd., 940 F. Supp. 115, 121 (E.D. Pa. 1996) ("[I]t is clear that federal courts 'grant relief from a default entry more readily and with a lesser showing than . . . in the case of a default judgment.'" (quoting In re Bernstein v. Great Frame Up Systems, Inc., 113 B.R. 172, 173 (Bankr. D.N.J. 1990))); id. at 121 (describing the case law in this circuit evincing a preference for lenience where no meritorious defense was presented but the other factors weighed in the defendant's favor).

**4. Alternative sanctions**

Finally, I must consider whether alternative sanctions would be effective in deterring similar behavior in the future.  Where the defaulting party has satisfied the other factors for vacating an entry of default but failed to present a meritorious defense, courts have been lenient and allowed the defaulted party to proceed upon filing a responsive

pleading containing a meritorious defense. See, e.g., Choice Hotels, 192 F.R.D. at 175–76 (denying without prejudice the defaulted parties' motion to set aside default, subject to reconsideration if the parties submitted an answer presenting a meritorious defense); Mike Rosen & Assocs., 940 F. Supp. at 121 (granting the motion to set aside default and directing defaulted party to "present facts which amount to a meritorious defense"). Additionally, where the defaulting party responded quickly to an entry of default, default was set aside without the imposition of additional sanctions on that party. See, e.g., Jackson, 211 F.R.D. at 284-85 (declining to impose punitive sanctions because defendants filed a response just seven days after the Clerk of Court entered default and because no evidence of bad faith).

## IV. Conclusion

For the foregoing reasons, I will grant the defendants' motions and set aside the entry of default. The defendants shall have thirty (30) days to file a response to the complaint and to Allstate's motion for judgment on the pleadings. An appropriate Order follows.